**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DENNIS M. WOLFEL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:09-CV-0263** |
| | : | |
| **DR. JANE FARLEY-MORFORD, MD,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | **MAGISTRATE JUDGE KING** |
| **Defendant.** | : | |
| | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Dr. Jane Farley-Morford's ("Dr. Farley-Morford") Motion for Judgment on the Pleadings (Dkt. 9). Plaintiff Dennis M. Wolfel's ("Mr. Wolfel") Complaint is a 42 U.S.C. § 1983 action, and alleges that Defendant's deliberate indifference to Plaintiff's serious medical needs violated the Plaintiff's Eighth and Fourteenth Amendment rights. Defendant claims that a disagreement between a prisoner and his or her physician regarding the course of treatment does not constitute a § 1983 claim and, therefore, Defendant is entitled to judgment on the pleadings. For the reasons stated below, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

### II. BACKGROUND

Mr. Wolfel is currently an inmate at the Lebanon Correctional Institution. On April 8, 2009, he filed a civil rights action in this Court pursuant to 42 U.S.C. § 1983, alleging that Dr. Farley-Morford acted with deliberate indifference to Plaintiff's serious medical needs, and in so doing violated Mr. Wolfel's Eight and Fourteenth Amendment rights.

Dr. Farley-Morford began treating Mr. Wolfel in 2006 for chronic back pain (Mr. Wolfel was diagnosed with degenerative lumbar spine in 2007), and prescribed Mr. Wolfel two pain medications, Ultram and Neurotrin.  On September 26, 2008, Dr. Farley-Morford discontinued Mr. Wolfel's prescriptions for Ultram and Neurotrin.  After being taken off the medication, Mr. Wolfel asked why he was taken off the Ultram and Neurotrin, and in response received a Conduct Report from November 26, 2006.  The Conduct Report cited Mr. Wolfel for carrying two Ultram pills in his pocket, and confiscated the extra pills as contraband.  On October 5 2008, Mr. Wolfel submitted a Health Services Request, in which he asked Dr. Farley-Morford to put him back on his pain medication.  In the Request, Mr. Wolfel also states that Dr. Farley-Morford was mistaken in believing that Mr. Wolfel was abusing his medication, and emphasizes that the Conduct Report was from two years earlier.  On October 15, 2008, Mr. Wolfel submitted an Informal Complaint Resolution to Dr. Farley-Morford, which voiced the same concerns as the October 5, 2008 Health Services Request.  Dr. Farley-Morford then prescribed Mr. Wolfel Celebrex for treatment of his back pain on October 23, 2008.

On January 30, 2009, Mr. Wolfel's appeal of the disposition of his Notification of Grievance (filed on November 5, 2008) was denied by the Mona Parks, R.N., Assistant Chief Inspector (Medical)Decision of the Chief Inspector on a Grievance Appeal.  Nurse Parks found that the medical staff at Lebanon Correctional Institution was attempting to give Mr. Wolfel the care ordered by his treating physician.  Having exhausted his administrative remedies, Mr. Wolfel filed this current action.

### III. STANDARD OF REVIEW

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A

complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556). A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Serv. v. Mental Health & Recovery Bd.,* 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004). Under the Federal Rules of Civil Procedure, "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296 (6th Cir. 2008).

## IV. LAW AND ANALYSIS

The Supreme Court has long held that the "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citations omitted). A prisoner's claim that he has not received adequate medical care, however, does not always constitute a violation of the Constitution. *Id.* at 105. In *Estelle*, the Supreme Court held that a prisoner who had been seen repeatedly by medical personnel and who alleged that more should have been done to diagnosis and treat his back injury, did not have a cognizable claim under § 1983. *Id.* at 107. In so holding, the Supreme Court noted that "..the question [of] forms of treatment...is a classic example of a matter for medical judgment." *Id.* Matters of medical judgment are, at most, issues of medical malpractice, and must be pursued through state tort remedies. *Id.* In *Acord v. Brown*, No. 90-00524, 1994 U.S. App. LEXIS 34320, *5 (6th Cir. Dec. 5, 1994), the Sixth Circuit held that neither a decision to prescribe a treatment that differed

from the treatment recommended by an earlier physician, nor a difference in opinion between a prisoner and medical staff about the adequacy of treatment constitute deliberate indifference. The Sixth Circuit noted that "[Acord] does not deny that he received medical care. Instead, he alleges that the care was neither proper nor timely," and that Mr. Acord's allegations sounded in state tort law rather than rising to the level of a constitutional violation. *Id.* at *5-6. Similarly, in *DeFreeze v. Zuberi*, 39 Fed. Appx. 137, 138-39 (6th Cir. 2002), the Sixth Circuit held that "a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation." Therefore, in order to make out a cognizable claim under § 1983 for deliberate indifference to serious medical needs under the United States Constitution, a prisoner must allege more than negligence or a difference of opinion regarding a course of treatment.

In this case, accepting all facts alleged in Mr. Wolfel's pleadings as true, Mr. Wolfel does not have a cognizable claim under 42 U.S.C. § 1983. The pleadings submitted by Mr. Wolfel clearly show that he has been repeatedly treated by physicians while in the custody of the Lebanon Correctional Institution. Furthermore, Dr. Farley-Morford was treating Mr. Wolfel at the time of his grievances, as evidenced by the reference to Celebrex in Exhibit D1 to Mr. Wolfel's Complaint. The issue of which medicine to prescribe to Mr. Wolfel is unmistakably an issue of medical judgment, and following Supreme Court and Sixth Circuit precedent, does not rise to a Constitutional violation and does not state a § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97 (1976); *DeFreeze v. Zuberi*, 39 Fed. Appx. 137, 138-39 (6th Cir. 2002); *Acord v. Brown*, No. 90-00524, 1994 U.S. App. LEXIS 34320, *5 (6th Cir. Dec. 5, 1994). As a result, there is an absence of law to support the type of claim Mr. Wolfel is attempting to make, and judgment on the pleadings under Rule 12(C) is appropriate. *Cmty. Mental Health Serv. v. Mental Health &*

*Recovery Bd.,* 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004). If Mr. Wolfel does indeed require

Ultram and Neurotrin instead of Celebrex, that claim is better brought under Ohio law as a tort

action, as it does not constitute deliberate indifference of a serious medical need. Accordingly,

Dr. Farley-Morford's Motion for Judgement on the Pleadings is hereby **GRANTED**.

## V. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Dr. Farley-Morford's Motion

for Judgement on the Pleadings (Dkt. 9). This case is **DISMISSED**.

**IT IS SO ORDERED.**

      **s/Algenon L. Marbley**
      **ALGENON L. MARBLEY**
      **UNITED STATES DISTRICT JUDGE**

**DATED: December 1, 2009**